**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MAURICIO JOSE RIZO GOMEZ,

     Petitioner,

v.                                      No. 26-cv-1147-KWR-JFR

DEPARTMENT OF HOMELAND SECURITY,

     Respondent.

**MEMORANDUM OPINION AND ORDER DISMISSING**
**DUPLICATE HABEAS FILING**

    This matter is before the Court on Petitioner Mauricio Jose Rizo Gomez' duplicate habeas filing under 28 U.S.C. § 2241 (Doc. 1), filed April 13, 2026. Petitioner is a citizen of Nicaragua and challenges his immigration custody at the Otero County Processing Center in New Mexico. (Doc. 1) at 10. Petitioner has already filed a *pro se* 28 U.S.C. § 2241 petition in this Court challenging his immigration custody, and the matter is pending before the Hon. Sarah Davenport. *See Mauricio J. Rizo Gomez v. Bondi, et al.,* 2:26-cv-905-SMD-JHR, Petition filed March 25, 2026.

    Petitioner cannot prosecute two concurrent § 2241 proceedings at the same time. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit"); *Ogden v. Stephenson*, 2023 WL 5805597, at *2 (D.N.M. Sept. 7, 2023) (a petitioner is not permitted to "prosecute two concurrent § 2241 petitions at the same time"). Because Petitioner may not challenge his immigration detention in two separate cases, the Court will dismiss this duplicate § 2241 case and direct the Clerk's Office to file his Petition (Doc. 1) in

Case No. 2:26-cv-905-SMD-JHR as a "Proposed Amended Petition."    *See Katz*, 655 F.3d at 1217 ("District Courts have discretion to control their dockets by dismissing duplicative cases."); *McNeese v. Anderson*, 2025 WL 2673993, at *2 (10th Cir. Sept. 18, 2025) (affirming "district court's dismissal of a case as … duplicative" and noting that courts are "accorded a great deal of latitude and discretion" in such matters); *Horbenko v. Lyons,* 26-cv-0751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-1060-MIS-GBW (same); *Izquierdo v. FNU LNU*, 26cv1117 SMD/JHR (same).   To the extent Petitioner seeks to raise additional claims regarding his immigration custody, he must do so in his pending § 2241 proceeding.   The Court will dismiss the instant *pro se* Petition without prejudice, and Petitioner may continue to prosecute his § 2241 claims in *Mauricio J. Rizo Gomez v. Bondi, et al.,* 2:26-cv-905-SMD-JHR.

**IT IS THEREFORE ORDERED** that the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice** as duplicative; Petitioner's Motion to Proceed In Forma Pauperis (**Doc. 3**) is **DENIED as moot**; the Clerk's Office shall **FILE** the Petition (**Doc. 1**) as a proposed amended petition in Case No. 2:26-cv-905-SMD-JHR; and the Court will enter a separate judgment closing this civil habeas case.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE

2